## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**STEVEN RUST**                                             **CASE NO.** _____

**VERSUS**

**DS TECHNOLOGIES, LLC AND
JONATHAN SILVER**

---

## <u>COMPLAINT</u>

**NOW COMES** Plaintiff, Steven Rust (hereinafter, "Mr. Rust"), an individual of the full age of majority and resident and domiciliary of Parish of East Baton Rouge, State of Louisiana, who brings this *Complaint* for unpaid overtime wages, liquidated damages, and attorney's fees pursuant to the Fair Labor Standards Act of 1939, 29 U.S.C. § 201, *et seq.* (the "FLSA") and for non-payment of wages, penalty wages, and attorney fees pursuant to the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.* (the "LWPA"), and respectfully represents as follows:

### *Defendants*

1.

Made Defendants herein and liable unto Mr. Rust are the following:

a.       DS Technologies, LLC (hereinafter, "DS Tech"), a Louisiana limited liability company with its principal place of business located at 13712 Leighwood Ave., Baton Rouge, LA 70815; and

b.       Jonathan Silver, an individual of the full age of majority who is a resident and domiciliary of the City of Baton Rouge, State of Louisiana.

(hereinafter, collectively "Defendants").

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331,

because Mr. Rust files this civil action pursuant to a "Federal Question," to wit, the FLSA.

3.

In addition to this Court's original jurisdiction over Mr. Rust's claims arising from the FLSA, this Court has supplemental jurisdiction in accordance with 28 U.S.C. § 1367 over Mr. Rust's LWPA claims.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside within this district.

### *Mr. Rust's FLSA Claim for Overtime & Liquidated Damages*

5.

Defendant, DS Tech, employed Mr. Rust from February 1, 2024, until October 11, 2024, during which time his pay period was Monday through Sunday, with payroll being made on the 15th of each month.

6.

DS Tech is an "enterprise" as that term is defined by the § 203(r)(1) of the FLSA, and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA.  Specifically, DS Tech provides instrument service, calibration, and repair services to industrial and commercial facilities.

7.

In the exercise of Mr. Rust's regular duties for DS Tech, Mr. Rust utilized tools and equipment that were created and placed into interstate commerce. Further, Mr. Rust repaired and calibrated machinery that was manufactured and placed into interstate commerce.

8.

DS Tech has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

9.

Defendants are Mr. Rust's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Defendants (1) controlled Mr. Rust's method and manner of work; (2) controlled the schedule for when Mr. Rust would work; and (3) had a much larger investment, in comparison to Mr. Rust, relative to the work performed.

10.

At all times relevant herein, Defendant, Jonathan Silver, was Mr. Rust's joint employer. Mr. Silver established the policy not to pay overtime compensation to Mr. Rust. As Mr. Silver is an "employer" within the meaning of §203(d) of the FLSA, he is therefore subject to personal liability for the causes of action arising herein under the FLSA.

11.

Defendants directed Mr. Rust as to how, when, and where to perform his work.  Defendants controlled the means and methods of Mr. Rust's employment.  Specifically, Mr. Silver made decisions on the hiring and firing of Mr. Rust.  Further, Mr. Silver made decisions on the wages earned and the hours worked by Mr. Rust.

12.

During the time period relevant to this lawsuit, Mr. Rust was employed by Defendants as a mechanical technician.  He was not employed as an administrator or manager, had no supervision or control over the hiring and firing of other DS Tech employees, and he was not employed in any other professional, computer-related, or outside sales capacity.  Additionally, Mr. Rust did not earn

over $107,432.00 in salary in any given year.  Accordingly, Mr. Rust was a non-exempt employee under the FLSA.

13.

Mr. Rust used computer systems, equipment, supplies, and instruments that were produced in commerce including, but not limited to, vehicles and cell phones, during and in connection with his employment with Defendants,

14.

The FLSA requires that most employees in the United States be paid not less than time and one-half the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

15.

Mr. Rust routinely worked in excess of 40 hours per week, including, but not limited to, weeks in excess of 50 hours.   However, he was never paid overtime as required by the FLSA.

16.

Mr. Rust has made demand upon DS Tech, but Defendants have willfully refused to pay overtime to Mr. Rust for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for Defendants.

17.

Defendants know the exact number of hours Mr. Rust worked each week.

18.

The precise amount of overtime hours and rates of pay for Mr. Rust will be presented at the trial of this matter.

4

19.

Defendants' failure to pay Mr. Rust proper overtime compensation was unreasonable and lacked good faith, and as such, Defendants are liable to Mr. Rust for the unpaid overtime compensation liquidated damages, and reasonable attorney's fees and costs.

20.

***Mr. Rust's Louisiana Wage Payment Act Claim for Vacation Wages***

21.

Mr. Rust incorporates herein the preceding paragraphs as if stated herein in their entirety for this claim for relief.

22.

Additionally, Mr. Rust brings a claim under the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.* (the "LWPA").

23.

§ 631(A)(1)(a) of the LWPA provides the following:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

24.

La. R.S. 23:631(D) provides the following:

(1)    For the purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
    (a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
    (b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.

5

(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.

25.

Mr. Rust and DS Tech entered into an employment agreement wherein DS Tech agreed to pay Mr. Rust accrued vacation time up to eighty (80) hours in a year.

26.

During Mr. Rust's employment with DS Tech, he was eligible for and earned vacation time with pay.

27.

As of Mr. Rust's last date of employment with DS Tech, October 11, 2024, Mr. Rust had 63.27 hours of accrued vacation time.

28.

As of the date of this filing, DS Tech has not paid Mr. Rust for his accrued vacation time.

29.

On October 11, 2024, Mr. Rust sent a demand to DS Tech requesting his accrued vacation wages to be paid.

30.

More than 72 hours have elapsed from the date of demand, and Mr. Rust has still not received his earned wages.

31.

Mr. Rust makes additional demand herein for his unpaid wages herein.

32.

DS Tech's refusal to pay the wages to Mr. Rust was arbitrary, capricious, and unreasonable. Accordingly, Mr. Rust is entitled to penalty wages as defined by La. R.S. 23:632, plus his reasonable attorney fees and costs.

* * * *

**WHEREFORE**, Plaintiff, Steven Rust, prays that there be service and citation upon Defendants, and that after all legal delays and proceedings there be a judgment rendered in favor of Plaintiff and against Defendants, DS Technologies, LLC and Jonathan Silver, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding..

**ADDITIONALLY**, Plaintiff, Steven Rust, prays that there be a judgment rendered in his favor and against Defendant, DS Technologies, LLC, for unpaid wages, penalty wages, reasonable attorney fees, costs of this proceeding, and interest on all sums due and owing from the date of judicial demand until paid, for all costs of this proceeding, and any other general or equitable relief that may be granted under the premises.

Respectfully submitted:

BLACKWELL & BULLMAN, LLC

**/s/ James R. Bullman**
James R. Bullman (#35064)
Brian F. Blackwell (#18119)
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
        brian@blackwell-bullman.com
*Attorneys for Plaintiff*

7